UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ELIZABETH FIELDER, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. _____ |
| ALAMO ENVIRONMENTAL, INC. d/b/a ALAMO 1, AECOM TECHNICAL SERVICES, INC., AECOM C&E, INC. | § § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Elizabeth Fielder (referred to as "Plaintiff" or "Fielder") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid overtime wages from Defendants Alamo Environmental, Inc. d/b/a Alamo 1 (referred to as "Alamo 1"), AECOM Technical Services, Inc. and AECOM C&E, Inc. (referred to "AECOM") (collectively referred to as "Defendants").  In support thereof, she would respectfully show the Court as follows:

**I.  Nature of Suit**

1. Fielder's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      Defendants violated the FLSA by employing Fielder and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4.      Defendants violated the FLSA by failing to maintain accurate time and pay records for Fielder and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Fielder brings this collective action under 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Defendants resides in the Beaumont Division of the Eastern District

of Texas and/or a substantial part of the events or omissions giving rise to Fielder's claims

occurred in the Beaumont Division of the Eastern District of Texas.

### III.  Parties

8.      Plaintiff Elizabeth Fielder is an individual who resides in Houston, Texas and

who was employed by Alamo 1 during the last three years.

9.      Defendant Alamo Environmental, Inc. d/b/a Alamo 1 is a domestic corporation

that has been served and has appeared.

10.     AECOM Technical Services, Inc. is a foreign corporation that may be served

with process by serving its registered agent:

> CT Corporation System
> 1999 Bryan St, Suite 900
> Dallas, Texas 75201-3136

Alternatively, if the registered agent of AECOM Technical Services, Inc. cannot with

reasonable diligence be found at the company's registered office, AECOM Technical Services,

Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS.

ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11.     AECOM C&E, Inc. is a foreign corporation that may be served with process

by serving its registered agent:

> CT Corporation System
> 1999 Bryan St, Suite 900
> Dallas, Texas 75201-3136

Alternatively, if the registered agent of AECOM C&E, Inc. cannot with reasonable diligence

be found at the company's registered office, AECOM C&E, Inc. may be served with process

by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

12.     Whenever it is alleged that Defendants committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

13.     According to its website, "AECOM is the world's premier infrastructure firm, partnering with clients to solve the world's most complex challenges and build legacies for generations to come."

14.     With the help of other companies (e.g., Alamo 1), AECOM systematically deprives workers of their statutory rights to overtime pay under the FLSA.

15.     The scheme works like this: AECOM uses companies including  Alamo 1 to place individuals like Plaintiff to work for AECOM.

16.     AECOM does not pay Plaintiff directly; rather it pays for Plaintiff's labor through Alamo 1 yet has sole responsibility for assigning Plaintiff work and supervising the execution of her work.

17.     The role of the Alamo 1 and others—was primarily administrative.

18.     For example, they maintained employment records for Plaintiff, decided how and when to pay Plaintiff (with a healthy dose input from Alamo 1) and reported income to the Internal Revenue Service, etc.

19.     AECOM, on the other hand, controlled her work, including her schedules and other conditions of her employment.

20.     Plaintiff had an office at AECOM's facilities in Beaumont, Texas and was directed and supervised by AECOM personnel at all times.

21.     AECOM retained all right to control the nature, extent and location of Plaintiff's work.

22.     From approximately January 27, 2018 to August 24, 2019, Defendants jointly employed Fielder as an Inspector. As an inspector, she was primarily responsible for visiting properties damaged by Hurricane Harvey, documenting the damage to FEMA units, and reporting any damage to Defendants.

23.     Fielder's primary duties were nonexempt.

24.     Further, Fielder was not required to have any type of professional license for her position.

25.     Fielder's primary duties did not include office or nonmanual work.

26.     Fielder's primary duties were not directly related to the management or general business operations of Alamo 1 or its customers.

27.     Fielder's duties did not differ substantially from the duties of a traditionally nonexempt hourly worker.

28.     Fielder did not exercise a meaningful degree of independent discretion with respect to the exercise of her duties.

29.     Fielder did not have the discretion or authority to make any decisions with respect to matters of significance.

30.     Instead, Fielder was required to follow the policies, practices and procedures set by Alamo 1.

31.     Fielder did not have any independent authority to deviate from these policies, practices and procedures.

32.     During Fielder's employment with Defendants, she was engaged in commerce or the production of goods for commerce.

33.     During Fielder's employment with Defendants, the companies had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

34.     During Fielder's employment with Defendant, the companies had an annual gross volume of sales made or business done of at least $500,000.

35.     Defendants paid Fielder by the inspection.

36.     During Fielder's employment with Defendants, she regularly worked in excess of forty hour per week.

37.     Defendants knew or reasonably should have known that Fielder worked in excess of forty hours per week.

38.     Defendants did not pay Fielder overtime "at a rate not less than one and one-half times the regular rate at which [she was] employed." 29 U.S.C. § 207(a)(1).

39.     Instead, Defendants paid Fielder a fixed sum of money regardless of the number of hours she worked.

40.     In other words, Defendants paid Fielder for the overtime that she worked at a rate less than one and one-half times the regular rate at which she was in employed in violation of the FLSA.

41.     Defendants knew or reasonably should have known that Fielder was not exempt from the overtime provisions of the FLSA.

42.     Defendants failed to maintain accurate time and pay records for Fielder as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

43.     Defendants knew or showed a reckless disregard for whether its pay practices violated the FLSA.

44.     Defendants is liable to Fielder for her unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

45.     All inspectors employed by Defendants are similarly situated to Fielder because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendants pursuant to 29 U.S.C. § 216(b).

## V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

46.     Fielder adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

47.     During Fielder's employment with Defendants, she was a nonexempt employee.

48.     As a nonexempt employee, Defendants was legally obligated to pay Fielder "at a rate not less than one and one-half times the regular rate at which [she was] employed[]" for the hours that she worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

49.     Defendants did not pay Fielder overtime as required by 29 U.S.C. § 207(a)(1) for the hours she worked in excess of forty per week.

50.     Instead, Defendants paid Fielder a fixed sum of money regardless of the number of hours she worked.

51.     In other words, Defendants paid Fielder for the overtime that she worked at a rate less than one and one-half times the regular rate at which she was in employed in violation of the FLSA.

52.     If Defendants classified Fielder as exempt from the overtime requirements of the FLSA, she was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

53.     Defendants knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, Defendants willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—
### Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

54.     Fielder adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

55.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

56.     In addition to the pay violations of the FLSA described above, Alamo 1 also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—
### Collective Action Allegations

57.     Fielder adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

58.     On information and belief, other employees have been victimized by Defendants violation of the FLSA identified above.

59.     These employees are similarly situated to Fielder because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

60.     Defendants' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

61.     Since, on information and belief, Fielder's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

62.     All employees of Defendants, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The class is therefore properly defined as:

All inspectors employed by Defendants during the last three years.

63.     Defendants are liable to Fielder and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

64.     Because Defendants knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Fielder and the members of the putative class their unpaid overtime wages for at least the last three years.

65.     Defendants are liable to Fielder and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

66.     Defendants are liable to Fielder and the members of the putative classes for their reasonable attorneys' fees and costs.

67.     Fielder has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of her and all other putative class members.

## VIII.   Prayer

68. Fielder prays for the following relief:

    a.   an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b.   judgment awarding Fielder and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c.   prejudgment interest at the applicable rate;

    d.   postjudgment interest at the applicable rate;

    e.   incentive awards for any class representative(s); and

    f.   all such other and further relief to which Fielder and the other inspectors employed by Defendants may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____

Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**